**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

KeAnn D.R. Sinclair,

        Plaintiff,

v.

Kristina Benysek, and The Minnesota
Emergency Medical Services Regulatory
Board,

        Defendants.

No. 25-cv-3880 (KMM/DTS)

**ORDER**

---

This matter is before the Court on the motion to dismiss Plaintiff KeAnn D.R. Sinclair's *pro se* complaint by the Minnesota Office of Emergency Medical Services ("OEMS").[1] (Dkt. 13 (Motion).) Ms. Sinclair filed this case asserting violations of her civil rights under 42 U.S.C. § 1983 by OEMS and Kristina Benysek. As discussed below, OEMS's motion is granted.

---

[1] Ms. Sinclair names the Minnesota Emergency Medical Services Regulatory Board as a defendant in her complaint. However, OEMS explains that "[e]ffective January 1, 2025, the responsibilities of the Emergency Medical Services Regulatory Board were transferred to the Office of Emergency Medical Services. 2024 Minn. Laws ch. 127, art. 63, § 21; Minn. Stat. § 15.039. And although … Emergency Medical Services Regulatory Board no longer exists, out of an abundance of caution [the] motion [to dismiss] is being brought both on behalf of the named defendant and the correct defendant [OEMS] that has the relevant duties." (Dkt. 16 at 1 n.1.)

## BACKGROUND[2]

This matter arises out of a November 1, 2024 traffic stop of a vehicle driven by Ms. Sinclair's mother, Kenya Sinclair (hereafter "Kenya").[3] Also in the vehicle with Kenya was Ms. Sinclair's son, Xavier R.J. F. ("Xavier"), a minor. Defendant Kristina Benysek, an Emergency Medical Services provider, arrived on the scene of the traffic stop and allegedly took custody of Xavier. During the course of the stop, Kenya repeatedly tried to provide contact information for Ms. Sinclair's brother so Xavier could be returned to Ms. Sinclair. However, Ms. Benysek allegedly refused to accept the contact information from Kenya and said she only needed Xavier's name. During the stop, Ms. Sinclair called Kenya's phone, and the state trooper who initiated the stop answered the call. Because Ms. Sinclair was close by the scene, she came and picked up her son a short time later and took him home. *See also Sinclair*, 2025 WL 2898562, at *2 (indicating that the state trooper contacted Ms. Sinclair at 9:16 p.m. and Ms. Sinclair arrived at 9:21 p.m.); *id.* at *2 n.4 (explaining that bodycam footage showed that the trooper helped notify Ms. Sinclair to ensure the child's welfare).

Based on these allegations, under 42 U.S.C. § 1983, Ms. Sinclair seeks damages and injunctive relief from Defendants OEMS and Benysek for alleged violations of her federal

---

[2] Because this case is before the Court on a motion to dismiss for failure to state a claim, the Court treats the facts alleged in the complaint and the documents attached to the complaint as true for purposes of this Order.

[3] The details of the traffic stop are discussed in detail in an Order entered by United States District Judge Laura M. Provinzino in an earlier case that Kenya filed based on the stop and the events that follow. *Sinclair v. Calbeaux*, No. 25-cv-2365 (LMP/ECW), 2025 WL 2898562, at *1–2 (D. Minn. Oct. 10, 2025).

constitutional rights. First, she claims Defendants violated her rights to substantive and procedural due process under the Fourteenth Amendment, including through interference with her familial rights. Second, Ms. Sinclair asserts a claim under the Fourth Amendment for refusing to return her child to her. In addition, Ms. Sinclair asserts several claims under Minnesota law, including: deprivation of parental rights in violation of Minn. Stat. § 609.26; failure to comply with an obligation to report maltreatment of minors under Minn. Stat. § 626.556; and negligence.

Defendant OEMS filed its motion to dismiss the complaint on December 19, 2025. As of the date of this Order, Ms. Sinclair has not filed any response to the motion. On January 7, 2026, Ms. Sinclair filed a motion to alter or amend the judgment (Dkt. 20), but the court denied that request because no judgment has been issued in this case (Dkt. 21).

**DISCUSSION**

## I.      Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the Court must assume the facts in the complaint to be true and take all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton*

3

*v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *see Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). But the Court need not accept as true any wholly conclusory allegations or legal conclusions that the plaintiff draws from the facts pled. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). Furthermore, as a pro se litigant, Ms. Sinclair's complaint is given "liberal construction." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible … then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

## II.    Analysis

The Court has carefully reviewed Ms. Sinclair's complaint and the documents attached to it and considered the arguments raised by OEMS in its motion. For the following three reasons, the Court grants the motion to dismiss.

First, the Court finds that OEMS is entitled to sovereign immunity under the Eleventh Amendment on Ms. Sinclair's § 1983 claims. The Eleventh Amendment prohibits an individual, like Ms. Sinclair, from suing a state in federal court. U.S. Const. amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996). Under the Eleventh Amendment, suing a state agency, like OEMS,[4] is no different from a suit against the state itself. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Monroe v. Arkansas State Univ.*, 495 F.3d 591,

---

[4] OEMS is established as a Minnesota state agency under Minn. Stat. § 144E.011, subd. 1.

4

594 (8th Cir. 2007). Congress can expressly abrogate a state's immunity, or a state may consent to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). But Congress has not abrogated Eleventh Amendment immunity through § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1988) (explaining that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity for a state, and a state is not a "person" within the meaning of § 1983). And Minnesota has not consented to be sued in federal court. *See Hussein v. Minnesota*, No. 19-cv-1913 (DSD/TNL), 2019 WL 5693733, at *2 (D. Minn. Nov. 4, 2019). Accordingly, the Court finds that the complaint fails to state a claim against OEMS due to sovereign immunity.[5] "When sovereign immunity blocks a plaintiff's claim, a court should dismiss the claim for lack of jurisdiction." *Gozo v. Skillet Inc.*, No. 24-cv-1193 (PAM/JFD), 2024 WL 2131665, at *5 (D. Minn. May 13, 2024), *report and recommendation adopted sub nom. Gozo v. Skillet Kitchen, Inc.,* No. 24-cv-1193 (PAM/JFD), 2024 WL 2943807 (D. Minn. June 11, 2024).

Second, even if the claims against OEMS here were not subject to dismissal due to sovereign immunity, the complaint still fails to state a claim against OEMS under 42 U.S.C. § 1983 because it does not attribute any conduct to OEMS directly. Setting aside that OEMS is not a "person" subject to suit under § 1983, to state a claim under that statute a plaintiff is required to allege facts showing what each defendant did or failed to do that violated the plaintiff's constitutional rights. *See, e.g.*, *Reynolds v. Dormire*, 636 F.3d 976,

---

[5] Under *Ex Parte Young*, 209 U.S. 123 (1908), a plaintiff may, in some circumstances, be permitted to obtain prospective injunctive relief against a state official, but Ms. Sinclair has not properly alleged such a claim. OEMS is not, itself, a state official. And the complaint does not allege that Ms. Benysek is one either.

979 (8th Cir. 2011). The complaint is devoid of any facts directed specifically to OEMS. It alleges that OEMS is the governing agency responsible for regulating the conduct of EMS providers as well as their training. But it alleges no other facts that would support a conclusion that OEMS was responsible for any violation of Ms. Sinclair's constitutional rights.

Finally, the Court's discussion above results in the conclusion that the complaint fails to state any claim under federal law. Therefore, all the federal claims against OEMS are dismissed by this Order. Those are the only claims over which the Court has "original jurisdiction." 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). But the complaint also asserts claims against OEMS under Minnesota state law, over which the Court has only "supplemental jurisdiction." 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction over claims that are sufficiently related to claims over which the court has original jurisdiction). The Court concludes those state law claims should be dismissed as well. Under 28 U.S.C. § 1367(c)(3), when district courts dismiss all the federal claims in an action, it "may decline to exercise supplemental jurisdiction" over a related state law claim. The Court does so here and dismisses the state law claims against OEMS without prejudice. *See Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (explaining that when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction

6

over the remaining state-law claims" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

In sum, the Court concludes that the complaint fails to state a claim against OEMS because OEMS is entitled to sovereign immunity and it fails to allege facts attributing any wrongdoing to OEMS. Because the application of sovereign immunity means that the Court lacks subject-matter jurisdiction over the claims against OEMS, the Court dismisses the federal claims against OEMS without prejudice. In addition, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those claims without prejudice as well.

## ORDER

For the reasons discussed above, **IT IS HEREBY ORDERED THAT**

1. The Motion to Dismiss (Dkt. 13) is **GRANTED** as set forth in this Order.

2. The federal claims against Defendant OEMS (formerly Emergency Medical Services Regulatory Board) are **DISMISSED** without prejudice due to lack of subject-matter jurisdiction.

3. The Court declines to exercise supplemental jurisdiction over the remaining state law claims against Defendant OEMS under 28 U.S.C. § 1367(c)(3), and those claims are also **DISMISSED** without prejudice.

4. Finally, under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff is required to complete service of the summons and complaint within 90 days after the complaint is filed. There is no indication in the record that Defendant Kristina Benysek has been served. Because the complaint was filed on October 8, 2025, the 90-day deadline for service has passed. When a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant, unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). Accordingly, **on or before March 11, 2026**, Plaintiff KeAnn D.R. Sinclair is required to show cause, in writing, why Kristina Benysek has not been served. The Court refers further proceedings concerning

7

service of process on Defendant Benysek for consideration in the first instance by United States Magistrate Judge David T. Schultz.


Date: February 25, 2026

*s/Katherine Menendez*
Katherine Menendez
United States District Court
